1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

CITY OF SAN MATEO,

Case No.  23-cv-02504-AMO

8

Plaintiff,

9

v.

**ORDER RE MOTION TO SEAL**

Re: Dkt. No. 20

10

ARGONAUT INSURANCE COMPANY,

11

Defendant.

12      Before the Court is Argonaut Insurance Company's administrative motion to seal[1] the

13  following documents:

14

15

| Document Sought to be Sealed | Portion of Document Sought to be Sealed |
|---|---|
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 15,[2] line 22. |
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 20, n.5 |
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 20, line 21 - Page 21, line 11 |
| Declaration of Joan Olfers in Support of Argonaut's Opposition to Plaintiff's Motion for Partial Summary Judgment | Paragraphs 4-7 |
| Exhibit 1 to the Olfers Declaration (copies of full transcripts of the state court plaintiffs' deposition testimony) | Entire Document |
| Exhibit 2 (copy of July 28, 2022 letter) | Entire Document |

16
17
18
19
20
21
22
23

24      Pursuant to Civil Local Rule 79-5, the party seeking to file a document or portions of it

25

26

27

28

---

[1] The motion did not conform to Civil Local Rule 79-5 or this Court's Standing Order for Civil Cases.  Future motions must comply with applicable rules.  Going forward, the Court will summarily strike any non-compliant filings.

[2] Page references are to the numbering on the CM/ECF header.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the

2    injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is

3    not sufficient."  Civil L.R. 79-5(c)(1).  The request must be "narrowly tailored to seal only the

4    sealable material."  Civil L.R. 79-5(c)(3).

5         A party seeking to seal records must provide "compelling reasons" to overcome the

6    "strong presumption in favor of access."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,

7    1178 (9th Cir. 2006).  The standard derives from the "common law right 'to inspect and copy

8    public records and documents, including judicial records and documents.'"  *Pintos v. Pac.*

9    *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  To

10   overcome this strong presumption, the party seeking to seal judicial records must "articulate

11   compelling reasons supported by specific factual findings . . . that outweigh the general history of

12   access and the public policies favoring disclosure, such as the public interest in understanding the

13   judicial process."  *Kamakana*, 447 F.3d at 1178-79 (citations omitted).  The party must make a

14   "particularized showing" that "specific prejudice or harm will result" if the information is

15   disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

16   2002).  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling

17   reason" for sealing a court document.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

18   1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

19        Here, the City did not timely file a declaration in support of sealing as required by Civil

20   Local Rule 79-5(f)(3).  The Court nonetheless granted the City leave to file a declaration in

21   support of sealing no later than January 18, 2024.  ECF 50.  The City did so.  ECF 51.  In that

22   declaration, the City takes no position on whether Exhibit 1 should be sealed, asserts that Exhibit 2

23   is subject to attorney-client privilege and the attorney work product protection, and asks that

24   Exhibit 2, with the portions of Argonaut's opposition brief that refer to it, remain sealed.  ECF 51

25   at 1-2.  The declaration does not address any other portion of the opposition brief as to which

26   Argonaut seeks sealing.  *See id.*  Nor does the declaration address the portions of the Olfers

27   declaration currently under seal.  *See id.*

28        Having considered the City's declaration, and applying the relevant standard, the Court

United States District Court
Northern District of California

1  finds compelling reasons to seal the full deposition transcripts of the state court plaintiffs.

2  Argonaut provided the full transcripts, but it did not cite any specific material in its opposition

3  brief.  Accordingly, the Court has not considered any of the transcripts in ruling on the underlying

4  motion for partial summary judgment.  Moreover, the testimony is of a sensitive nature, and there

5  is no indication that either party to this action served plaintiffs in the underlying state court

6  litigation so that they may have an opportunity to offer a declaration in support of sealing.  For

7  these reasons, the motion to seal is granted as to the transcripts.  It is denied, however, as to the

8  one generic sentence in the opposition brief that cites to the full transcripts without disclosing the

9  underlying testimony.

10       As to the July 28, 2022 letter, and the portions of Argonaut's opposition brief that mention

11  it, the Court finds compelling reasons to grant the motion to seal because the letter is subject to

12  attorney-client privilege.

13       As to paragraphs 4-7 of Olfers declaration, the City has provided no reason for that

14  material to remain under seal.  The Court does not find compelling reasons to keep those

15  paragraphs sealed, as they provide descriptions of Exhibits 1 and 2 without revealing the substance

16  of the exhibits themselves.

17       For the convenience of the parties, the Court summarizes its rulings in the chart below:

18

| Document Sought to be Sealed | Portion of Document Sought to be Sealed | Ruling |
|---|---|---|
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 15, line 22. | **DENIED.** |
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 20, n.5 | **GRANTED.** The portion sought to be sealed describes the content of an attorney-client privileged communication. |
| Argonaut's Opposition to Plaintiff's Motion for Summary Judgment | Page 20, line 21 – Page 21, line 11 | **GRANTED.** The portion sought to be |

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

| Document Sought to be Sealed | Portion of Document Sought to be Sealed | Ruling |
|---|---|---|
| | | sealed summarizes or quotes from the content of an attorney-client privileged communication. |
| Declaration of Joan Olfers in Support of Argonaut's Opposition to Plaintiff's Motion for Partial Summary Judgment | Paragraphs 4-7 | **DENIED.** |
| Exhibit 1 to the Olfers Declaration (copies of full transcripts of the state court plaintiffs' deposition testimony) | Entire Document | **GRANTED.** The testimony is of a sensitive nature, was not specifically cited nor considered in ruling on the underlying motion for partial summary judgment, and the deponents were not served with the motion to seal. |
| Exhibit 2 (copy of July 28, 2022 letter) | Entire Document | **GRANTED.** The document is attorney-client privileged. |

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

United States District Court
Northern District of California

1    Documents filed under seal as to which the Court has granted Argonaut's motion will

2    remain under seal.  *See* Civil L.R. 79-5(g)(1).  Pursuant to Civil Local Rule 79-5(g)(2), if the City

3    wishes to file a supplemental declaration to seal any materials as to which the Court has denied

4    Argonaut's motion, it must do so by no later than February 1, 2024.  If no supplemental

5    declaration is filed by that date, Argonaut shall file public versions of all documents as to which

6    sealing has been denied by no later than February 8, 2024.

7    **IT IS SO ORDERED.**

8

9    Dated: January 25, 2024

10       **ARACELI MARTÍNEZ-OLGUÍN**
     **United States District Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28